**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK BETANCOURT<br>4107 Farragut Street<br>Hyattsville, MD 20781,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br>5900 Capital Gateway Drive<br>Camp Springs, MD 20588,<br><br>Defendant. | Civil Action No. ________ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. On July 1, 2025, August 11, 2025, September 1, 2025, October 1, 2025, June 2, 2026, and July 8, 2026, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Plaintiff requested records from the United States Citizenship and Immigration Services (USCIS), a component agency of the United States Department of Homeland Security (DHS), concerning Credible and Reasonable Fear immigration cases. Despite the passage of well over one year since submitting the first of these requests, and the passage of the statutory period for responding to all of these requests, Plaintiff has not received a determination on any of the requests nor any documents. Through this lawsuit, Plaintiff asks this Court to compel USCIS to comply with FOIA and promptly produce the requested documents.

**I**

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA jurisdiction provision) and 28 U.S.C. § 1331 (federal question jurisdiction). The District of

Columbia is a proper venue. *See* 5 U.S.C. § 552(a)(4)(B) (District of Columbia is a proper venue in a FOIA case).

**II**

**PARTIES**

3. Plaintiff Mark Betancourt is a freelance journalist whose work has appeared in NPR, The Atlantic, Mother Jones, High Country News, The Nation, and other outlets.

4. Defendant USCIS is a component agency of DHS. Its responsibilities include processing asylum applications. On information and belief, USCIS has possession or control over some or all of the requested documents.

**III**

**FACTS**

**A. CREDIBLE AND REASONABLE FEAR CASES**

5. In the United States, immigrants who express a fear of persecution or torture to an immigration officer are referred to an asylum officer for a "Credible Fear" or "Reasonable Fear" interview.

6. Beginning in approximately 2009, USCIS published semi-monthly reports containing data related to Credible and Reasonable Fear interviews. These semi-monthly reports showed the number of Credible and Reasonable Fear interviews and their outcomes, as well as other related data.

7. The last semi-monthly report was published on January 15, 2025. USCIS has not published these reports since then.

8. Mr. Betancourt is investigating the impact of recent changes to U.S. immigration policy. The semi-monthly reports are important to his investigation.

## B. MR. BETANCOURT'S FOIA REQUESTS AND RESPONSES FROM USCIS

9. From July 2025 through July 2026, Mr. Betancourt submitted a series of FOIA requests for data reported in the semi-monthly reports.

10. On July 1, 2025, Mr. Betancourt submitted a FOIA request to USCIS through its online system in which he requested the following documents related to the period from January 16, 2025, to June 30, 2025:

> Up until January 15th, 2025, USCIS reported Credible Fear and Reasonable Fear Receipts and Decisions on a semi-monthly basis on its website at https://www.uscis.gov/tools/reports-and-studies/semi-monthly-credible-fear-and-reasonable-fear-receipts-and-decisions—specifically the number of cases received and number of cases completed by outcome per semi-monthly period (1st - 15th and 16th - end of month) (see attached example of published spreadsheet). Since January 15th, the agency has not published these reports. Please provide these reports for each semi-monthly period (1st - 15th and 16th - end of month) since January 15th 2025.

11. The July 2025 request was assigned control number COW2025003695.

12. On August 11, 2025, USCIS sent Mr. Betancourt a letter regarding his July 1, 2025, request, stating in part:

> We respond to requests on a first-in, first-out basis and on a multi-track system. Your request has been placed in the complex track (Track 2).
>
> Consistent with 6 C.F.R. § 5.5(a) of the Department of Homeland Security (DHS) FOIA regulations, USCIS processes FOIA requests according to their order of receipt. Although USCIS' goal is to respond within 20 business days of receipt of your request, FOIA does permit a 10 business day extension of this time period in certain circumstances. Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Additionally, due to the scope and nature of your request, USCIS will need to locate, compile, and review responsive records from multiple offices, both at headquarters and in the field. USCIS may also need to consult with another agency or other component of the Department of Homeland Security that have a substantial interest in the responsive information. Due to these unusual circumstances, USCIS will invoke a 10 business day extension for your request pursuant to 5 U.S.C. § 552(a)(6)(B). Please contact our office if you would like to limit the scope of your request or to agree on a different timetable for the processing of your request. We will make every effort to comply with your request in a timely manner.

13. On August 11, 2025, Mr. Betancourt submitted a second FOIA request to USCIS through its online system, with identical language and an updated timeframe covering July 2025:

> … Please provide these reports for the following semi-monthly periods: [July 1 through July 15, 2025] [July 16 through July 31, 2025] (Note that I submitted a similar request on July 1, 2025 for all such records since January 15—this request is for additional records created in the time since that request was filed).

14. The August 2025 request was assigned control number COW2025006420.

15. On December 5, 2025, USCIS sent Mr. Betancourt a letter regarding his August 11, 2025, request, with the same language related to the request being placed on a complex track and the 10-business day extension.

16. On September 1, 2025, Mr. Betancourt submitted a third FOIA request to USCIS through its online system, with identical language and an updated timeframe covering August 2025:

> … Please provide these reports for the following semi-monthly periods: [August 1 through August 15, 2025] [August 16 through August 31, 2025] (Note that I submitted similar requests for the month of July and the period between January 15th and July 1—this request is for additional records created in the time since that request was filed).

17. The September 2025 request was assigned control number COW2025004921.

18. On September 24, 2025, USCIS sent Mr. Betancourt a letter regarding his September 1, 2025, request, with the same language related to the request being placed on a complex track and the 10-business day extension.

19. On October 1, 2025, Mr. Betancourt submitted a fourth FOIA request to USCIS through its online system, with identical language and an updated timeframe covering September 2025:

> … Please provide these reports for the following semi-monthly periods: [September 1 through September 15, 2025] [September 16 through September 30, 2025] (Note that I have submitted similar requests for time periods since USCIS stopped

> publishing this data—this request is for additional records created in the time since those requests were filed).

20. The October 2025 request was assigned control number NRC2025496156.

21. On October 31, 2025, USCIS sent Mr. Betancourt a letter regarding his October 2025 request, stating that one of the requirements for submitting a FOIA request is to submit "in accordance with the agency's published FOIA regulations." The letter further states that this request had "been closed with no further action taken" and that he could file an administrative appeal. The letter did not specify which regulation Mr. Betancourt had not followed in submitting this FOIA request. The letter indicated that any questions or discussion about the response can be sent to the USCIS FOIA Public Liaison.

22. On December 8, 2025, Mr. Betancourt emailed the USCIS FOIA Public Liaison's office to ask for further information about why the October 1, 2025, request had been closed. That office responded on December 15, 2025, stating, "We request you submit a new request online." The email further stated:

> Once you have the initial control number … submitted, please respond to this email adding L. Davis to the subject line and provide the new control number. We will then pull the new request and ensure it is handled promptly.

23. On December 22, 2025, Mr. Betancourt responded, and asked if it would be helpful to consolidate his FOIA requests described above as these requests are identical in substance but differ in the responsive time period. Mr. Betancourt followed up on this question on January 5, 2026, and January 22, 2026.

24. The Public Liaison's office responded on January 26, 2026. It did not address that topic but stated:

> I apologize for the delay on our response; I had to obtain information from one with some time off during the holidays. Unfortunately, if any case was closed in error, please submit the request again and we will pull the request forward to get them created. Please send us the new request numbers and we will be able to assist you.

25. Mr. Betancourt submitted his next and fifth request on June 2, 2026, with identical language and covering September 2025 (the period of the request that was closed in error) as well as subsequent timeframes through May 31, 2026:

> … Please provide these reports for the following semi-monthly periods:
>
> [September 1 through September 15, 2025]
>
> [September 16 through September 30, 2025]
>
> [October 1 through October 15, 2025]
>
> [October 16 through October 31, 2025]
>
> [November 1 through November 15, 2025]
>
> [November 16 through November 30, 2025]
>
> [December 1 through December 15, 2025]
>
> [December 16 through December 31, 2025]
>
> [January 1 through January 15, 2026]
>
> [January 16 through January 31, 2026]
>
> [February 1 through February 15, 2026]
>
> [February 16 through February 28, 2026]
>
> [March 1 through March 15, 2026]
>
> [March 16 through March 31, 2026]
>
> [April 1 through April 15, 2026]
>
> [April 16 through April 30, 2026]
>
> [May 1 through May 15, 2026]
>
> [May 16 through May 31, 2026]
>
> (Note that I submitted similar requests for the month of July and the period between January 15th and August 31—this request is for additional records created in the time since that request was filed).

26. The June 2026 request was assigned control number COW2026005309.

27. Per the FOIA Liaison's instruction (see para. 22 above), Mr. Betancourt responded to the Liaison's email stating that the June 2026 request had been submitted to replace the October 2025 request, which had been closed in error, and provided the new control number.

28. On July 8, 2026, Mr. Betancourt submitted a sixth FOIA request to USCIS through its online system, which described the preceding requests and asked for the documents and underlying data up to the date of production:

> Up until January 15th, 2025, USCIS reported Credible Fear and Reasonable Fear Receipts and Decisions on a semi-monthly basis on its website … —specifically the number of cases received and number of cases completed by outcome per semi-monthly period (1st-15th and 16th-end of month) (see the attached example of a published report). Since January 15th, 2025, the agency has not published these reports.
>
> **Request for Semi-Monthly Reports**
>
> Please provide these reports for all semi-monthly periods (1st-15th and 16th-end of month) from June 1, 2026, until the date of production in response to this request.
>
> I have submitted similar requests for reports for the period between January 15, 2025, through May 31, 2026. They have been given record numbers COW2025003695, COW2025006420, COW2025004921, and COW2026005309. I have not yet received productions in response to those requests.
>
> **Request for Data Underlying Semi-Monthly Reports**
>
> If the semi-monthly Credible Fear and Reasonable Fear Receipts and Decisions reports do not exist, for the period from January 15, 2025, through the date of your response, please provide the underlying data that was used to prepare such reports prior to January 2025.

29. The July 2026 request was assigned control number COW2026005586.

30. As of the filing of this complaint, Mr. Betancourt has not received a determination on any of the FOIA requests, other than the erroneous closure of the fourth request.

## C. COMMUNICATIONS REGARDING THE FOIA QUEUE

31. The USCIS FOIA portal provides an estimated date of completion of the FOIA request and the request's place in the queue of pending FOIA requests.

32. On August 8, 2025, Mr. Betancourt sent an email to the USCIS FOIA Office, regarding his first FOIA request (July 1, 2025), asking the following:

> I've noticed the estimated completion date, currently 9/18/25, keeps moving (it was initially mid-August). Is this date a useful indication of when the agency intends to respond? Can you give me a sense of what kind of track the request is on (e.g. simple or complex), and even a ballpark of how long it could take?

33. On August 11, 2025, the FOIA Office representative responded:

> FOIA requests are handled on a first in, first out basis. Our review of your request under Control Number COW2025003695 (submitted under COW2025004705REQ) reveals that this office received it on July 1, 2025. It is currently number 1560 of 3345 pending FOIA requests in that track. We care about your request, and it will be responded to in the order it was received.
>
> Please be aware this is an estimated date based on average processing times. Availability of records and complexity of request may effect completion date.

34. On May 19, 2026, Mr. Betancourt emailed the Office of Government Information Services (OGIS), an office of the National Archives and Records Administration, which is a government resource for FOIA requestors, asking about the place in the queue of his July 2025 request:

> USCIS helpfully shows you on their portal where you are in the queue, but my place keeps sliding backward. Mine was 273 of 341 pending requests as of 9/22, today it's 532 of 918 pending requests. I've been checking from time to time, and I've only ever slid backward in the line. Functionally it seems like they'll never get to it, despite the fact that it's a pretty straightforward request. Are you able to shed any light on what's happening here?

35. OGIS responded on May 27, 2026, stating in relevant part:

> In your submission to OGIS, you express your concern about the agency's delay in responding to your request. Your frustration is shared by many requesters who reach out to our office with similar concerns about FOIA delays at agencies across the government. Delays, while unfortunate, are an unavoidable aspect of the FOIA for many agencies, particularly those that receive as many requests as the U.S. Citizenship and Immigration Services (USCIS). However, OGIS cannot compel an agency to process a particular request more quickly or before others in its queue. When FOIA requesters reach out to OGIS regarding a delay, OGIS works to open the lines of communication between the requester and the agency.

36. On June 2, 2026, Mr. Betancourt responded by email:

> Thanks for this response, but it doesn't answer my question. I understand it can take a really long time to get a FOIA response—what confuses me is how I'm sliding backwards in the queue, which means ostensibly that other requests are constantly being placed ahead of mine. Because I've only ever slid backward, it seems impossible that the agency will ever get to my request. Do you have any sense of why this is happening?

37. Mr. Betancourt did not receive a response to this email.

38. Also, as part of the same email chain described above with regard to the erroneous closure of his fourth FOIA request, on June 2, 2026, Mr. Betancourt asked the USCIS FOIA Public Liaison about the FOIA queue:

> … I've noticed that my previous requests for these records (I've been requesting semi-monthly reports the agency used to publish on its website) keep slipping *backward* in the queue. I understand that other requests may be taking priority, but should I take this to mean that it's possible the FOIA office will never get to my request?

39. The Public Liaison responded on June 2, 2026, with the following: "As a rule, FOIA processes cases in the order they are received."

40. Mr. Betancourt responded the same day, stating:

> … I'm confused, then—my place in the queue keeps sliding backward. Mine was 273 of 341 pending requests as of 9/22/25, 288 of 396 pending as of 10/13, 289 of 459 pending as of 12/5, and just recently on 5/22/26, it was 532 of 918 pending requests. Today it's 508 of 896, which is the first time to my knowledge that it's actually advanced in the line. It's been nearly a year, so I'm just hoping to get some clarity on how this process works and whether I can expect a response at some point.

41. Mr. Betancourt did not receive a response.

## D. DEFENDANT FAILED TO ISSUE A TIMELY DETERMINATION AND PRODUCE THE REQUESTED DOCUMENTS

42. FOIA requires agencies to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of [a FOIA] request whether to comply with such [a] request[,] ... immediately notify the person making such request of such determination

and the reasons therefor[,]" and provide information regarding the right to seek assistance from the FOIA Public Liaison and the right to appeal an adverse decision. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 6 C.F.R. § 5.5 (regarding timing of responses to requests to components of DHS). After a determination is made, the agency must "make the records promptly available." 5 U.S.C. § 552(a)(3)(A).

43. An agency is permitted a ten business day extension if statutorily defined "unusual circumstances" apply and written notice is made to the requestor setting forth those unusual circumstances "and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B); *see also* 6 C.F.R. § 5.5(c) (DHS regulation regarding application of the unusual circumstances exception).

44. 315 business days have passed following the submission of the July 1, 2025, FOIA request without a determination or receipt of any documents.

45. 287 business days have passed following the submission of the August 11, 2025, FOIA request without a determination or receipt of any documents.

46. 272 business days have passed following the submission of the September 1, 2025, FOIA request without a determination or receipt of any documents.

47. 251 business days have passed following the submission of the October 1, 2025, FOIA request, which was erroneously denied.

48. 88 business days have passed following the submission of the June 2, 2026, FOIA request, without a determination or receipt of any documents.

49. 64 business days have passed following the submission of the July 8, 2026, FOIA request without a determination or receipt of any documents.

50. Mr. Betancourt exhausted his administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a [FOIA] request to any agency for records ... shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of [FOIA].").

## IV

## CLAIMS

### CLAIM I: FAILURE TO PRODUCE DOCUMENTS IN VIOLATION OF FOIA AND ITS IMPLEMENTING REGULATIONS (JULY 1, 2025 REQUEST)

51. FOIA and its implementing regulations required USCIS to issue its determination on Mr. Betancourt's July 1, 2025, request and produce the documents pursuant to the timelines described above. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(3)(A); 6 C.F.R. § 5.5(c). USCIS has violated FOIA and its implementing regulations by failing to do so.

### CLAIM II: FAILURE TO PRODUCE DOCUMENTS IN VIOLATION OF FOIA AND ITS IMPLEMENTING REGULATIONS (AUGUST 11, 2025 REQUEST)

52. FOIA and its implementing regulations required USCIS to issue its determination on Mr. Betancourt's August 11, 2025, request and produce the documents pursuant to the timelines described above. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(3)(A); 6 C.F.R. § 5.5(c). USCIS has violated FOIA and its implementing regulations by failing to do so.

### CLAIM III: FAILURE TO PRODUCE DOCUMENTS IN VIOLATION OF FOIA AND ITS IMPLEMENTING REGULATIONS (SEPTEMBER 1, 2025 REQUEST)

53. FOIA and its implementing regulations required USCIS to issue its determination on Mr. Betancourt's September 1, 2025, request and produce the documents pursuant to the timelines described above. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(3)(A); 6 C.F.R. § 5.5(c). USCIS has violated FOIA and its implementing regulations by failing to do so.

**CLAIM IV: FAILURE TO PRODUCE DOCUMENTS IN VIOLATION OF FOIA AND ITS IMPLEMENTING REGULATIONS (JUNE 2, 2026 REQUEST)**

54. FOIA and its implementing regulations required USCIS to issue its determination on Mr. Betancourt's June 2, 2026, request and produce the documents pursuant to the timelines described above. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(3)(A); 6 C.F.R. § 5.5(c). USCIS has violated FOIA and its implementing regulations by failing to do so.

**CLAIM V: FAILURE TO PRODUCE DOCUMENTS IN VIOLATION OF FOIA AND ITS IMPLEMENTING REGULATIONS (JULY 8, 2026 REQUEST)**

55. FOIA and its implementing regulations required USCIS to issue its determination on Mr. Betancourt's July 8, 2026, request and produce the documents pursuant to the timelines described above. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(3)(A); 6 C.F.R. § 5.5(c). USCIS has violated FOIA and its implementing regulations by failing to do so.

**REMEDY**

Mr. Betancourt hereby requests that the Court:

(1) Declare that the failure by USCIS to issue timely determinations and produce the requested records is unlawful;

(2) Order USCIS promptly to issue determinations and produce the requested records to Mr. Betancourt;

(3) Award Mr. Betancourt reasonable attorneys' fees and other litigation costs reasonably incurred in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Todd A. Gluckman*

TODD A. GLUCKMAN, DC Bar 1004129
JACLYN A. DEITCH, DC Bar 90025322
Terris, Pravlik & Millian, LLP
1701 K Street, NW, Suite 500
Washington, DC 20006
(202) 682-2100
tgluckman@tpmlaw.com
jdeitch@tpmlaw.com

October 6, 2026

*Counsel for Plaintiff*